(No. 89-CC-3298-)

JESSE A. BELLAMY and VERA BELLAMY, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 8, 1990.*

MITCHELL, BRANDON & SCHMIDT, for Claimant.

NEIL F. HARTIGAN, Attorney General (FRANK HESS, Assistant Attorney General, of counsel), for Respondent.

## OPINION

BURKE, J.

This cause coming to be heard upon the report of the Commissioner, after hearing before said Commissioner, and this Court being fully advised in the premises:

Claimants seek compensation for property damage to their 1985 Mercury Lynx vehicle allegedly caused by the negligence of Bobby Robertson, a State of Illinois employee.

A hearing was held before Commissioner, Robert G. Frederick. Claimants filed their brief and the State failed to file its brief.

The Court finds:

On September 15, 1988, Claimant, Vera Bellamy, was driving her 1985 Mercury Lynx on Route 37 near Olmstead Road in Pulaski County, Illinois. The Claim-

ants live in Olmstead and were very familiar with these roads. She and her husband owned the vehicle. A tractor driven by a State of Illinois employee was also traveling north on Route 37. Both vehicles turned off Route 37 onto Olmstead Road. The Claimants were following the tractor. After crossing a bridge, Claimant, Vera Bellamy, looked to see if it was clear to pass the tractor. The road was clear for a quarter mile so she pulled out to pass the tractor, which was moving at five miles per hour. As she attempted to pass, the tractor pulled in front of her into the passing lane without signaling that he was going to turn. There was no road for the tractor to turn left, there were no warning lights on the tractor and no "caution" mowing signs on Olmstead Road. However, there were mowing signs on Route 37. Claimant's car was damaged on the right front. The car was repaired for $917.79. The Claimants paid $50.00 of the bill and State Farm Insurance paid the balance of $867.79 pursuant to Claimants' collision insurance policy.

In order for a Claimant to recover in a case against the State, the Claimant must prove the State was negligent, that such negligence caused the damages complained of, and that Claimant was free from contributory negligence.

A driver of a State vehicle working on a State highway has a duty to yield to traffic on the roadway. (*Guffey v. State* (1987), 40 Ill. Ct. Cl. 179.) Claimants proved their damages with certainty. The cost of repairing Claimants' vehicle was $917.79.

The only issue that remains is whether the Court should award damages to Claimants of $50 which is their deductible or award damages of $917.79 to Claimants and State Farm. Claimants subrogated their rights to State Farm. This Court recently adopted the collateral

source rule. (*Sallee v. State* (1990), 42 Ill. Ct. Cl. 41.) The $867.79 paid by State Farm to Claimants is no longer considered a set-off to the State and Claimants are entitled to their full measure of damages.

It is therefore ordered: that an award of $917.79 is hereby entered in favor of Claimants and State Farm, said award being in full and complete satisfaction of Claimants' complaint.